UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DENNIS MICHAEL SALERNO,

                Petitioner,              Case No. 1:05-cv-344

v.                                    Honorable Richard Alan Enslen

STATE OF MICHIGAN,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Following a bench trial, Petitioner was convicted by the Ingham County Circuit Court of

first-degree premeditated murder, MICH. COMP. LAWS § 750.316.  On October 2, 2002, he was

sentenced to a term of life imprisonment without the possibility of parole.  In his *pro se* petition,

Petitioner raises two grounds for relief, as follows:

      I.      Petitioner's first-degree murder conviction should be reversed where the
             prosecutor failed to produce sufficient evidence to establish beyond a
             reasonable doubt that the murder occurred in the State of Michigan.

      II.     Petitioner's Fourth Amendment rights were violated when police officers
             exceeded the scope of the search warrant and seized a computer-generated
             letter purposefully written by Petitioner's wife.

On January 10, 2007, the Magistrate Judge issued a Report and Recommendation to deny

Petitioner's application for habeas corpus relief.  Petitioner now has filed the following motions:

      1.      Motion to expand the record to include transcripts of Petitioner's statements
             to police (Dkt. No. 34);

2.      Motion for a stay of the proceedings to exhaust new claims in the state courts (Dkt. No. 35);

3.      Motion to amend petition to add newly exhausted claims (Dkt. No. 35);

4.      Motion for an extension of time to file objections to the Report and Recommendation (Dkt. No. 35);

5.      Motion for rehearing after the petition is amended to add the newly exhausted claims (Dkt. No. 35);

6.      Motion for leave to proceed *in forma pauperis* (Dkt. No. 36);

7.      Motion for a copy of the Rule 5 materials (Dkt. No. 37);

8.      Motion to recharacterize habeas action as a petition brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 38); and

9.      Motion to expand the record to include miscellaneous reports and statements (Dkt. No. 41).

I.      Motions to Expand the Record (Dkt. Nos. 34 & 41)

Petitioner has filed two motions to expand the record.  In Docket No. 34, Petitioner moves to expand the record to include transcripts of his videotaped interviews with police.  These interviews were admitted as evidence at trial and played for the jury.  In Docket No. 41, Petitioner seeks expansion of the record to include the following: (1) reports of Detective M. Scarberry, (2) statements from inmates at the Wood County Jail, and (3) phone records for Larry McClanahan. These documents were not admitted as evidence at trial.

Under Rule 7(a) of the Rules Governing § 2254 Cases, a district court "may direct that the record be expanded by the parties by inclusion of additional materials relevant to the determination of the merits of the petition."  "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted and considered as part

of the record."  Rule 7(b), RULES GOVERNING § 2254 CASES.  The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." 28 U.S.C. § 2254 (Rule 7, advisory committee notes); *see also  Jamison v. Collins*, 291 F.3d 380, 387 (6th Cir. 2002).  The decision of whether to order an expansion of the record under Rule 7 is within the sound discretion of the district court.  *See Ford v. Seabold,* 841 F.2d 677, 691 (6th Cir. 1988).

With regard to his police interviews, the Magistrate Judge noted in the Report and Recommendation that while videotapes of the interviews were admitted as evidence (People's Exs. 17A & 17B) and played for the jury, they were not transcribed as part of the trial record.  Respondent did not provide this Court with copies of the video tapes or transcripts of the interviews.  For purposes of the Report and Recommendation, the Magistrate Judge adopted Petitioner's summary of his statements to police as set forth in his brief before the Michigan Court of Appeals.  According to Petitioner's appellate brief, his police interviews primarily concerned the death of Larry McClanahan.  Petitioner denied having any direct knowledge regarding his wife's disappearance.  Because Petitioner did not make any inculpatory statements concerning his wife, the Magistrate Judge concluded that transcripts of the police interviews were not necessary to the proper disposition of Petitioner's case.

Petitioner argues that his statements to police contain evidence that should be considered by the Court in deciding his claim of insufficient evidence to support his conviction for first-degree murder.  Specifically, Petitioner claims that his statements explain how his fingerprint could have gotten on the window of his wife's car when they met at a Meijer store to grocery shop.  Petitioner claims that the evidence would refute the prosecutor's theory that he left his fingerprint

- 3 -

on the window when he abducted and murdered his wife. Even if Petitioner could provide another explanation for how his fingerprint got on the car window, other evidence presented at trial was sufficient to support Petitioner's conviction. Nevertheless, because the police interviews were admitted as evidence as trial, the Court will order Respondent to provide transcripts of Petitioner's interviews with police. Respondent will be required to submit the transcripts within fourteen days of the date of this Court's Opinion and Order. The Court will review the interviews and consider them in ruling on Petitioner's objections to the Report and Recommendation.

Petitioner also seeks to expand the record to include: (1) reports of Detective M. Scarberry, (2) statements from inmates at the Wood County Jail, and (3) phone records for Larry McClanahan. Petitioner contends that these documents are relevant to his case because they provide a more complete time line as to the whereabouts of Larry McClanahan and Michelle Salerno. Unlike Petitioner's interviews with police, these documents were not admitted as evidence at trial. Moreover, these materials are not relevant to the determination of the merits of the petition. Accordingly, the Court will deny Petitioner's motion to expand the record to include these items.

II.    Motion to Stay; Motion to Amend; Motion for Rehearing (Dkt. No. 35)

Petitioner seeks a stay of these proceedings while he exhausts several new claims in the state courts. In November 2006, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court raising the following six claims of error:

1.    The Prosecutor withheld a preliminary hearing transcript from a charge of possession of lock picking tools. Defense counsel could have used the transcripts to better cross-examine those witnesses at trial and possibly impeach their testimony;

2.    The Prosecutor failed to prove beyond a reasonable doubt each element of the offense as charged in the indictment (lack of venue).

- 4 -

3.      Petitioner was convicted and sentenced based on faulty and incorrect findings of fact and conclusions of law; the findings of fact and conclusions of law issued by the trial/sentencing court is not supported by the record and is partially based on non-existent testimony.

      (a)     testimony of Ms. Ro Buchanan, Para-legal for Greyhound Buslines, contradicts the finding of fact as stated in the August 27, 2002 opinion and verdict of the trial court,

      (b)     Mrs. Rizzi testified she took undeveloped film from a storage shed; state witness Thomas J. Huff's testimony mentions nothing concerning film or photographs at all.  This contradicts the finding of fact by the trial court,

      (c)     the photographs referenced and relied upon by the Court in the finding of fact were not entered into evidence and their alleged content may therefore not be used or referenced;

4.      Petitioner's conviction on the charge of first degree murder is against the great weight of the evidence (lack of venue);

5.      The trial Court erred by not holding an evidentiary hearing on Petitioner's Motion for New Trial.

6.      East Lansing police officers and detectives did not get an attorney for Petitioner though one was requested when in custody and at the onset of interrogation.

Petitioner is awaiting a ruling by the trial court on his motion for relief from judgment.  Petitioner seems to mistakenly believe that his claims will be exhausted for purposes of federal habeas review once he receives a decision from the trial court.  However, to fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Thus, in order to properly exhaust his claims, Petitioner must appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court.

Petitioner also moves for leave to amend his petition to add the newly exhausted claims. When determining whether to grant leave to amend, the district court should consider "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998). Moreover, because Petitioner's newly asserted claims are time-barred, he can assert them only if he can amend his petition and only if those claims "relate back" to the originally asserted claims. *See Mayle v. Felix,* 545 U.S. 644, 125 S. Ct. 2562, 2566 (2005). Petitioner did not seek to bring his newly asserted claims to the state court for exhaustion until after the expiration of the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). In this case, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied his application on August 31, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitation period, however, did not begin to run until the expiration of the ninety-day period in which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 29, 2004. The statute of limitations expired one-year later on November 29, 2005.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The tolling provision does not "revive" the limitations period

or restart the clock; it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000). Because Petitioner's one-year period expired in 2005, his motion for relief from judgment filed in November 2006 does not serve to revive the limitations period. Consequently, the claims asserted in Petitioner's motion for relief from judgment are time-barred.

In *Mayle,* 125 S. Ct. at 2566, the Supreme Court held that claims otherwise barred by AEDPA's limitations period may be added to a habeas petition under Federal Rule of Civil Procedure 15 if they "relate back" to the "conduct, transaction, or occurrence" in the original petition. The Court held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." *Id.* at 2572. Relation back is permitted "only when the claims added by the amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate 'both in time and type' from the originally raised episodes." *Id.* at 2571. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." It is not sufficient that the newly asserted claims "relate to the same trial, conviction, or sentence as a timely filed claim . . . ." *Id.* at 2573-74. Applying these standards, the Court held that an amended petition targeting pretrial statements did not relate back to the petitioner's timely original petition which had targeted videotaped witness testimony. *Id.* at 2566.

In this case, only claims (2) and (4) concerning venue relate back to the original, timely-filed petition. In Ground I of his original petition, Petitioner claimed that his first-degree murder conviction should be reversed where the prosecutor failed to produce sufficient evidence to

establish beyond a reasonable doubt that the murder occurred in the State of Michigan.  In claim (2) of his motion for relief from judgment, Petitioner argues insufficient evidence of venue, which is the same argument presented in Ground I of the original petition.  In claim (4), Petitioner argues that the verdict was against the great weight of the evidence with regard to venue.  A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence.  *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).  The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it.  *Dell,* 194 F. Supp. 2d at 648.  As long as there is sufficient evidence to convict Petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*  Therefore, claims (2) and (4) not only relate back to Ground I of the original petition, but are essentially the same claim.  Because claims (2) and (4) are duplicative of Ground I of the original petition, an amendment to add them to the petition would be futile.

The remaining claims presented in Petitioner's motion for relief from judgment do not relate back to the claims asserted in the original petition, and, thus, may not be added to the petition.  Accordingly, the Court will deny Petitioner's motion to amend.  Because Petitioner may not amend his petition to add any of the claims asserted in his motion for relief from judgment, a stay of the proceedings is not warranted.  Likewise, the Court will deny Petitioner's motion for "rehearing" to review the newly exhausted claims.

III.   Motion for leave to proceed *in forma pauperis* (Dkt. No. 37)

Petitioner filed a motion for leave to proceed *in forma pauperis*.  Petitioner already has paid the $5.00 filing fee in this case and has not filed a notice of appeal.  Because no filing fee is due from Petitioner, his motion will de denied as moot.

IV.   Motion to recharacterize the petition (Dkt. No. 38)

Petitioner moves to recharacterize his habeas action as a petition brought pursuant to 28 U.S.C. § 2241, rather than as a petition brought pursuant to § 2254.  Section 2241 provides a general grant of habeas jurisdiction, while § 2254 limits the grounds for habeas relief to people in custody pursuant to a state court judgment.  *See Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006).  Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposed several statutory restrictions on a state prisoner's ability to obtain habeas relief under 28 U.S.C. § 2254.  Although the Sixth Circuit has allowed state prisoners to proceed under § 2241, *see Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371-72 (6th Cir. 2001), it has noted that there is "serious question whether a state prisoner *may ever* proceed under § 2241." *Allen v. White,* 185 Fed. Appx. 487, 490 (6th Cir. 2006) (emphasis added).  In any event, the Sixth Circuit has held that a state prisoner's § 2241 habeas petition must comply with the restrictions included in the AEDPA.  *See Rittenberry,* 468 F.3d at 336; *see also Thomas v. Crosby,* 371 F.3d 786 (11th Cir. 2004) ("§§ 2241 and 2254 . . . govern[ ] a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court"); *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) (holding that "[r]oughly speaking, § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); *Cook v. N.Y. State Div. of Parole,* 321 F.3d 274, 278 (2d Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." (citations omitted)); *Crouch v. Norris,* 251 F.3d 720, 723 (8th Cir. 2001) (A petitioner "can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").  Consequently, Petitioner may not avoid application of the AEDPA by attempted to recharacterize his petition as one brought pursuant to § 2241.

- 9 -

Petitioner further argues that the Sixth Circuit recognizes the "savings clause," which permits review of actual innocence claims under § 2241. Petitioner's reliance on the savings clause is misplaced. Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of 28 U.S.C. § 2255, if he is able to establish under the savings clause of § 2255 that his remedy is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles v. Chandler,* 180 F.3d 753, 755-56 (6th Cir. 1999). In order to obtain relief under the savings clause, a federal prisoner must demonstrate his actual innocence. *See Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003) ("The savings clause may only be applied when the petitioner makes a claim of actual innocence."). Because Petitioner is in state, not federal, custody he cannot invoke the savings clause set forth in § 2255. Consequently, the Court will deny Petitioner's motion to recharacterize his action as one brought pursuant to § 2241.

## V.  Motion for a copy of the Rule 5 materials (Dkt. No. 37)

Petitioner also requests a copy of the Rule 5 materials. According to the proof of service, Respondent mailed a copy of the Rule 5 materials on January 5, 2006, to Petitioner at the Warren Correctional Facility in Lebanon, OH. On January 6, 2006, the Court received a change of address from Petitioner, indicating that he had been transferred to the Toledo Correctional Facility in Toledo, OH. Apparently, the Rule 5 materials were not forwarded to Petitioner after his transfer to the Toledo Faacility. Because Petitioner cannot be faulted for the missing Rule 5 materials, the Court will order Respondent to provide him with another copy of the Response and Rule 5 materials (Dtk. Nos. 12-28) at his current address within fourteen days of the date of this Opinion and Order.

VI.    <u>Motion for extension of time to file objections (Dkt. No. 35)</u>

Petitioner moves for an extension of time to file objections to the report and recommendation.  The Court will grant Petitioner an extension of time, until forty-five days from the date of this Opinion and Order, in which to file his objections.

An Order consistent with this Opinion will be entered.

<table>
<tr><td></td><td> /s/ Richard Alan Enslen </td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>April 13, 2007</td><td>SENIOR UNITED STATES DISTRICT JUDGE</td></tr>
</table>