UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS MICHAEL SALERNO,

        Petitioner,

Case No. 1:05-CV-344

v.

Hon. Richard Alan Enslen

STATE OF MICHIGAN,

**ORDER**

        Respondent.
_____/

Petitioner Dennis Michael Salerno, after notice of deficiencies, has moved to appeal the denial of his Petition for Writ of Habeas Corpus *in forma pauperis*. This request is supported by his affidavit of indigency as well as a prison account statement showing that the prisoner lacks funds to pay the costs of appeal. As such, approval of the request is appropriate under 28 U.S.C. § 1915(a) and *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Other requests made in Petitioner's Request for Rehearing are not appropriate. Petitioner has moved for reconsideration of the Court's denial of his earlier Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) as well as the Court's denial of a certificate of appealability in connection with the Final Order denying habeas relief.

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." Petitioner's Request for Rehearing fails to meet this standard, the standards for relief under Federal Rule of Civil Procedure 60(b), and the standards for the issuance of a certificate of

appealability under 28 U.S.C. § 2253, *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983). Furthermore, a repetitive section 2253 motion before the district court is inconsistent with the precedent of this Circuit, which provides:

> <u>The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the motion to vacate.</u> *See* Fed. R.App. P. 22(b)(1). While this court has not ruled upon the issue of the appealability of an order denying a certificate of appealability, authority from the Ninth Circuit indicates that the order is nonappealable. *See Greenawalt v. Stewart,* 105 F.3d 1268 (9th Cir. 1997). The *Greenawalt* case arose under the law in effect before the passage of the Antiterrorism and Effective Death Penalty Act, when a petitioner was required to obtain a certificate of probable cause. The Ninth Circuit held that an order denying a certificate of probable cause was not an appealable order. *Id.* at 1272.

*Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) (emphasis added).

   **THEREFORE, IT IS HEREBY ORDERED** that Petitioner Dennis Michael Salerno's Motion for Leave to Appeal *in Forma Pauperis* (Dkt. Nos. 75 & 76, in part) is **GRANTED**.

   **IT IS FURTHER ORDERED** that the balance of Petitioner's Motion for Rehearing (Dkt. No. 76), aside from the request for leave to appeal *in forma pauperis*, is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        November 8, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |