UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DENNIS MICHAEL SALERNO #412-224,

    Petitioner,

        v.

STATE OF MICHIGAN,

    Respondent.

Case No. 1:05-cv-344

HONORABLE PAUL L. MALONEY

---

## OPINION and ORDER

**Denying as Untimely the Petitioner's Second Motion for Relief from July 27, 2007 Judgment;
Adhering to Denial of Habeas Corpus Petition**

After waiver of the right to jury trial, a state trial judge convicted petitioner Dennis Michael Salerno ("Salerno") of the premeditated first-degree murder of his estranged wife. Salerno appealed to the Michigan Court of Appeals on two grounds. First, Salerno contended that the prosecution failed to produce evidence sufficient to establish beyond a reasonable doubt that the murder occurred in the State of Michigan, as the victim's body was found in the vicinity of Toledo, Ohio. Second, Salerno contended that the police violated his Fourth Amendment rights by exceeding the scope of the search warrant and seizing a computer-generated letter written by his wife. In 2004 the Michigan Court of Appeals affirmed Salerno's conviction with a brief opinion. Salerno sought leave to appeal to the Michigan Supreme Court, reiterating the two arguments and adding a third argument concerning discovery, and that court denied review without opinion. *See State v. Salerno*, No.

244699, 2004 WL 345420 (Mich. App. Feb. 24, 2004) (p.c.) (P.J. Hoekstra, Fitzgerald, Talbot, *leave to app. denied*, 685 N.W.2d 671 (Mich. Aug. 31, 2004) (table; one-page text in WestLaw).

Salerno filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May 2005 (raising the same two claims from his unsuccessful direct appeal), the respondent State of Michigan ("the State") filed an answer in November 2005, and Salerno filed a response in January 2006, *see* Doc. Nos. 1, 6 and 12, when the State also filed its Rule 5 material, *see* Doc. Nos. 13-29.

In January 2007, U.S. Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that Salerno's habeas petition be denied, and Salerno filed objections in May 2007.  *See* Doc. Nos. 32 and 56.  In July 2007, Senior U.S. District Judge Richard Alan Enslen overruled Salerno's sixty-one objections, adopted the R&R, and dismissed his habeas petition.  *See* Doc. Nos. 65 (opinion) and 66 (judgment).  Judge Enslen concluded that (1) the Magistrate accurately recounted the relevant facts in the R&R's Procedural History section, *see* Doc. 65 at 4; (2 & 3) the Magistrate applied the correct legal standard governing a claim that the evidence was insufficient to sustain a conviction, and he correctly concluded that the evidence was sufficient to establish the challenged element of the offense, *id.* at 4-7; (4) the Magistrate correctly determined that Salerno's Fourth Amendment claim was barred on federal habeas review because the State  afforded him a full and fair opportunity to litigate that claim, *id.* at 8-10; (5) the prosecutor's alleged unprofessional conduct during opening and closing statements at trial was not so egregious as to render the whole trial fundamentally unfair, *id.* at 10-12; and (6) Salerno was not entitled to appointed counsel, *id.* at 13.  *See also id.* at 3-4 (J. Enslen's summary).  Judge Enslen declined to issue a certificate of appealability ("COA").  *Id.* at 13-14.

In August 2007, Salerno filed his first motion for relief from judgment, contending *inter alia*

that because he was incarcerated in an Ohio prison, he had little or no access to Michigan law-books,

that he had intermittent and inadequate access to the prison library generally, and that those factors

caused the delay in his filing of state post-conviction motions in Michigan court and other filings.

*See* Doc. 67. Salerno's motion asked Judge Enslen to reinstate the habeas petition and allow him to

supplement it with fifteen claims brought in a then-pending state-court motion for post-conviction

relief. *Id.* at 5-6.  Judge Enslen denied the first motion for relief from judgment in September 2007,

writing as follows:

> This motion fails to specify a subsection of Rule 60(b) under which relief is sought. Notwithstanding, the circumstances which provide the basis for the relief sought are the alleged difficulties Petitioner experienced in researching Michigan law while housed in prison facilities in the State of Ohio.  Petitioner claims that these circumstances warrant consideration of various claims he asserted by motion in November 2006 and thereafter.  These circumstances were previously considered by the Court in its Opinion and Order of May 13, 2007, which denied Petitioner's Motion to amend his habeas petition as untimely and futile. [Doc. 42 at 4-8] Petitioner's renewal of that Motion under Rule 60(b) does not warrant relief.  The earlier ruling was consistent with federal precedent including *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

> The most pertinent subsection of Rule 60(b), subsection (b)(6) authorizes relief only in exceptional circumstances.  *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 383 (6th Cir. 1991).  The Court does not find there to be such exceptional circumstances here, especially since no showing of merit has been made as to the grounds which Petitioner again wishes to assert.

Doc. 72 at 1-2 (¶ break added).  Salerno filed a motion for reconsideration, Doc. 76, which Judge

Enslen denied in November 2007, Doc. 77.  *See Salerno v. State of Michigan*, 2007 WL 2710434

(W.D. Mich. Sept. 12, 2007), *recon. denied*, 2007 WL 3347391 (W.D. Mich. Nov. 8, 2007).  Salerno

appealed both the denial of his habeas petition and the denial of his first 60(b) motion to the U.S.

Court of Appeals for the Sixth Circuit, which denied COAs in both appeals in June 2008, Doc. 79.

The U.S. Supreme Court denied his petition for a writ of *certiorari* in December 2008 and denied

his petition for hearing in March 2009, Docs. 81 and 82.

On March 23, 2009, Salerno filed the instant second motion for relief from judgment, Doc. 83, and the case was reassigned from Judge Enslen (who has retired) to this judge, Doc. 84.  **In its entirety, Salerno's second motion for relief from judgment states as follows:**

> On 7/27/07 Judge Enslen issued an opinion denying petitioner's request for a writ of habeas corpus.
>
> On 7/25/07 the United States Supreme Court [d]ecided the case of *Giles v. California*[,] 128 S.Ct[.] 2678 (2007); The Court's holding in *Giles* should have heavily impacted the judge's decisions regarding claims within Salerno's petition. There was no mention of *Giles* in Judge Enslen's opinions or orders.
>
> In *Giles* the Court held that admission of out of court statements by a deceased victim violated Giles's constitutional rights.[1]  [T]here are similar issues within the *Giles* and *Salerno* cases, such as: The victim in *Giles* was his ex-girlfriend, here the victim was Salerno's wife; In *Giles* there was a statement made to an officer, outside of court, by his ex-girlfriend; here, Salerno's wife had purportedly typed a letter outside of court.  In *Giles*, as here, the out of court statements were used at trial agai[ns]t the defendants.  There was no way for the out of court statements to be cross-examined.  Salerno's Constitutional rights were therefore violated.  See *Giles*[,] 128 S.Ct[.] 2678.
>
> Additionally, Judge Enslen issued an evidentiary ruling without holding an evidentiary hearing.  Through every step of litigation Salerno has requested an

---

[1]

As our Circuit has explained,

[T]he Supreme Court addressed the application of the forfeiture by wrongdoing doctrine to the admissibility of hearsay statements of a murder victim in a defendant's trial for murder.  In *Giles v. California*, – U.S. –, 128 S.Ct. 2678, 2682 (2008) [Scalia, J.], the Supreme Court held that the Confrontation Clause does not contain an exception "permitting the use of a witness's unconfronted testimony if a judge finds . . . that the defendant committed a wrongful act that rendered the witness unavailable to testify at trial." *Id.*  The Court reasoned that under the common law, 'the exception applied only when the defendant engaged in conduct *designed* to prevent the witness from testifying." *Id.* at 2683 (emphasis in original).

*Doan v. Carter*, 548 F.3d 449, 458 (6th Cir. 2008) (Siler, McKeague, E.D. Mich. D.J. Thomas Ludington), *reh'g en banc denied* (6th Cir. Feb. 19, 2009).

evidentiary hearing, yet none was had. [T]hrough the entire course of proceedings, the letter alleged to have been written by Michelle Salerno, Salerno's deceased wife, had been characterized as "purportedly" written by her.  This was due to the letter being a photocopy of a computer[-]generated, [u]nsigned letter; there was no way of telling if Michelle had actually written the letter or maybe someone else had penned the note as an example of how a document may be drawn.  In the 7/27/07 order, Judge Enslen repeatedly, both in text and in foot note references, re-characterizes the letter purportedly written by Michelle as the letter "purposefully" written.

In order to state [that] Michelle purposefully wrote the letter in question there would need to have been an evidentiary hearing at which more evidence than what is available would have been reviewed.  There was no discovery of evidence ordered and no evidentiary hearing had.  There is no evidentiary support for Judge Enslen's arbitrary evidentiary ruling.  For an old hand, such as Judge Enslen, to supplant the long-standing judicial tradition of holding an evidentiary hearing, a full and fair hearing, before rendering an evidentiary finding lends capricious undertones to the ruling; Constitutional guarantees mandate absence of capriciousness from judicial hearings and unequivocally demands an evidentiary hearing before a piece of evidence is re-characterized to something more prejudicial by definition.

WHEREFORE, this court is respectfully urged to issue relief from its 7/27/07 opinion in light of *Giles v. California*[,] 128 S.Ct[.] 2678 (2007) and that the district court rendered an evidentiary ruling without holding an evidentiary hearing, though one had been requested.

Salerno's Second Motion for Relief from Judgment, filed Mar. 23, 2009 at 1-2.

**DISCUSSION:**

**Whether construed as a 60(b)(1) or a 60(b)(6) Motion, Salerno's Motion is Untimely**

Salerno's motion begins by invoking Federal Rule of Civil Procedure 60(b), but he does not

specify which subsection he believes applies.  Rule 60(b), Grounds for Relief from a Final

Judgment, Order or Proceeding, states, in its entirety,

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

FED. R. CIV. P. 60(b).  Salerno's motion would not ordinarily be construed to raise any of the first five grounds for relief from judgment outlined in the Rule, so the court is inclined to consider it as a motion under the Rule 60(b)(6) catch-all "any other reason that justifies relief."  *See Gonzales v. Crosby*, 545 U.S. 524, 528-29 (2005) (Scalia, J.) (Rule 60(b)(6) applies only to reasons "other than the more specific circumstances set out in Rules 60(b)(1)-(5)") (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Accordingly, Salerno was required to bring this 60(b)(6) motion "within a reasonable time" of Judge Enslen's July 27, 2007 judgment adopting the R&R and denying his habeas petition.  What constitutes a reasonable time in this context is dependent on the facts of the case, including and circumstances of the delay in filing, prejudice to the opposing party by reason of the delay, and whether there are circumstances warranting equitable relief.  *See In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  Salerno dated this second motion for relief from judgment March 18, 2009, more than one year and seven months after the challenged judgment and the issuance of the Supreme Court's *Giles* opinion.  Under the circumstances, the court finds that Salerno did not file this Rule

-6-

60(b)(6) motion within a reasonable time from either of those two events.  Even taking into account

Salerno's incarceration during this period, and the limitations which incarceration can sometimes

place on the ability to learn of and research the law, he could and should have raised these arguments

much earlier.  He offers no reason for failing to do so.[2]

_____

[2]

Alternately, the court could deny Salerno's motion because it lacks legal and factual support. Salerno fails to explain why *Giles* should be applied retroactively – an issue which our Circuit has not yet decided – and he fails to explain, on the facts of his case, how the clarified standard announced in *Giles* leads to the conclusion that the admission of his deceased wife's alleged letter violated his Confrontation Clause rights. *Cf. State v. Chambers*, 2008 WL 4902684, *1 (Del. Super. Nov. 10, 2008) (summarily dismissing motion for postconviction relief) (rejecting conclusory assertion that *Giles* should be applied retroactively to his case and warranted relief, and noting that under court's Rules, "A movant [seeking postconviction relief] must support his or her assertions with 'concrete allegations of actual prejudice, or risk summary dismissal.'  * * *  Defendant's motion is completely conclusory, and Defendant has failed to support his claim with facts.").

Finally, the court might construe Salerno's motion as, in effect, a successive habeas petition which is not properly before the court.  Our Circuit recently confronted a Rule 60(b) motion which sought relief from the order dismissing his federal habeas petition.  The panel wrote as follows,

> Insofar as Willis's motion can be construed to argue that the Supreme Court's *House* decision changed the law, that *House* shows that the district court resolved his habeas claim improperly . . . the motion is a successive habeas motion that AEDPA would preclude the district court from considering. 28 U.S.C. § 2244(b)(1).  Rule 60(b) motions are construed as successive habeas applications insofar as they make a claim for habeas relief on the merits. *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005).  Insofar as a 60(b) motion argues that "a subsequent change in substantive law is a 'reason justifying relief' under Rule 60(b)(6), *id.* at 531, or insofar as it argues that there are grounds entitling the petitioner to habeas corpus relief, *id.* at 532 & n.4, it is a successive habeas application that federal courts may not consider.

*Willis v. Jones*, – F. App'x –, –, 2009 WL 1391429, *5 (6th Cir. May 15, 2009) (Daughtrey, Rogers, Kethledge).  *See, e.g., In re Gibbs*, – F. App'x –, –, 2008 WL 2944699, *1 (6th Cir. July 24, 2008) (p.c.) (Cole & Griffin) ("The dismissal of Gibbs' § 2255 case was affirmed on appeal. * * * Gibbs subsequently filed a motion for relief from judgment under FED. R. CIV. P. 60(b), in which he challenged the district court's denial of his § 2255 motion.  He primarily relied upon a recent published decision from our court which expressly stated that the decision in his prior § 2255 appeal had been 'wrongly decided.' [citation omitted]  The district court construed the 60(b) motion as another motion to vacate Gibbs's sentence under § 2255 and transferred the matter to our court for an initial determination as to whether he should be allowed to file another action under § 2255.")

**The court could treat Salerno's motion as a Rule 60(b)*(1)* motion instead**, for "[t]here is authority for the view that the word 'mistake' as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court, including judicial mistake as to the applicable law." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (collecting cases). **But even if the court treated Salerno's motion as a 60(b)(1) motion, it would be clearly untimely.** For one thing, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and *for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . .*", and Salerno filed the instant motion in March 2009, more than one year after Judge Enslen's July 2007 judgment denying his habeas petition. "Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (citing *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991)).

Moreover, to the extent that a Rule 60(b)(1) motion rests on a purported error of law in the challenged judgment, the movant may not even be entitled to Rule 60(b)(1)'s expressly stated one-year period in this situation. As our Circuit has explained,

> Those courts which have found errors of law to be a ground for Rule 60(b)(1) relief recognizing the effect their view has on Rule 59(e) [motions to alter or amend judgment, i.e., motions for reconsideration, which must be filed within ten days of the judgment] and on finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration for a point of law to the appeal period [sic]. This Court is persuaded that *the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal.* This view serves the best interest of the legal system by avoiding unnecessary appeals and allowing correction of legal error if and when made and the trial court has been satisfied that an error has been committed.

*Barrier*, 712 F.2d at 234 (emphasis added, internal citations omitted), *followed by Stokes v.*

---

(citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

*Williams*, 475 F.3d 732, 735 (6th Cir. 2007).  "Rule 4 of the Federal Rules of Appellate Procedure requires that, in a civil case, in which the United States is not a party, an appeal 'as of right' must be filed with the district court clerk within thirty days after the judgment or order from which a party appeals is entered."  *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005) (citing FED. R. APP. P. 4(a)(1)), *cert. denied*, 547 U.S. 1070 (12006).  When the federal government or any federal officer or agency is a party, the appeal time is sixty days for all parties.  *See*  FED. R. APP. P. 4(a)(1)(b).  Salerno obviously did not file the instant motion within sixty days of Judge Enslen's July 27, 2007 judgment denying his habeas petition.

Because Salerno's motion is untimely under either Rule 60(b)(1) or Rule 60(b)(6), his evidentiary-hearing and *Giles v. California* arguments are not properly before the court.[3]

## ORDER

---

[3]

Even if the court considered Salerno's *Giles* argument, it is not at all clear that *Giles* should be applied retroactively to a case whose direct review had concluded before *Giles* issued.  Salerno's direct review ended when the Michigan Supreme Court denied his application for discretionary review in August 2004, *see* 685 N.W.2d 671, and the U.S. Supreme Court issued *Giles* in July 2007.

For example, our Circuit has held that another recent landmark Confrontation Clause decision, *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply retroactively to cases on collateral review.  *See Doan v. Carter*, 548 F.3d 449, 457 (6th Cir. 2008) (citing *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005)), *reh'g en banc denied* (6th Cir. Feb. 19, 2009).

Moreover, of the very few federal courts to address the issue, two have concluded that *Giles* does not apply retroactively to cases whose direct review concluded before it came out.  *See Meeks v. McKune*, 607 F. Supp.2d 1235 (D. Kan. 2009) (Eric Melgren, J.) and *Robinson v. Mississippi*, 2008 WL 2954946, *10 n.1 (N.D. Miss. July 29, 2008) (Michael P. Mills, C.J.) (characterizing *Giles*' interpretation of the Confrontation Clause as "a newly announced rule").  *But see James v. Marshall*, 2008 WL 4601238, *17 n.6 (C.D. Cal. Aug. 13, 2008) (Charles Fick, M.J.) ("the *Giles* Court's lengthy historical discussion makes it clear that the Court was not devising any 'new rule,' but rather was applying a rule having its origins in centuries-old English and American common law.  *Teague* [the anti-retroactivity decision] does not render inapplicable the rule of *Giles*.").

Salerno's second motion for relief from judgment [document # 83] is **DENIED** as untimely.

The court **ADHERES** to Judge Enslen's opinion and order of July 27, 2007 [docs. 65 & 66].

This is a final order, but the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** on this _____9th_____ day of June 2009.

/s/ Paul L. Malone y_____
Hon. Paul L. Maloney
Chief United States District Judge